## LOBDELL'S ADMINISTRATOR v. N. B. FOWLER.

1. Depositions of the sons of the original defendant were taken on his behalf in a suit on his note. Afterward, but before trial of the cause, the original defendant died, and the sons, being heirs and distributees of his estate, thereby acquired in the result of the suit an interest which subsisted at the time of the trial of the cause, to which their father's administrator had become the party defendant. *Held*, that it was error to exclude the depositions on the ground of the interest of the witnesses at the time of the trial, they having been competent when their depositions were taken.

2. This court has repeatedly ruled, and now reiterates, that executory contracts, based on so-called Confederate money, will not be enforced; and that evidence *aliunde* is admissible to prove that such is the character of a written instrument, though not expressed upon its face.

APPEAL from Smith. Tried below before the Hon. Samuel L. Earle.

The suit was on a note for "seventeen hundred and fifty dollars," dated November 24, 1863, and due one day after date. The maker of the note, and the original defendant in the action, was John L. Lobdell, but he died during the pendency of the suit, and R. Engledow, his administrator, was made defendant in his stead. Before this change in the party defendant, and while John L. Lobdell, the original defendant, was still in life, the depositions of his two sons were taken, to prove that the note was for Confederate

money.   But on the trial these depositions were excluded, on the objection of the plaintiff that the witnesses were disqualified by their interest in their father's estate, which would be diminished by a recovery by plaintiff.

The section of the statute referred to in the opinion of the court is as follows :

" Depositions taken and returned in the manner provided for by this act, and an act entitled, ' An act to regulate proceedings in the district courts,' approved May 13, 1846, may be read as evidence upon the trial of any suit in which they are taken, subject to all legal exceptions which might be made to the interrogatories and answers, were the witness personally present before the court, giving evidence," etc.   (Paschal's Digest, Art. 3733.)

The verdict and judgment below were for the plaintiff.   The defendant's motion for a new trial was overruled, and he appealed.

*John L. Henry,* for the appellant.—The section of the statute just quoted, evidently refers to the status of the witness at the time his depositions were being taken.

If he was then disqualified from any cause, such legal exceptions as might have been urged, had the court and not the commissioner been taking his evidence, will be considered *now for then.*

This construction does no violence to the letter of the law, but to hold that the testimony of a witness, in every respect competent when he is sworn and testifies, must be excluded because he becomes interested afterwards, does gross violence to the spirit and reason of the law, and would be in conflict with the best authorities.   (1 Greenleaf, § 186.)

The reason of the law in excluding from testifying a witness interested in the result is : " The danger of perjury, and the " little credit generally found to be due to such testimony in judicial investigations."   (1 Greenleaf, § 386.)

The Legislature in following and adopting the common law in

making interest disqualify a witness, could have had in view no other or better reason than the one so long and universally recognized by the sages of the common law.

"When the reason of the law ceases, the law itself ceases." When in danger of perjury, by reason of interest, this witness could not testify, but when his depositions were taken he did not incur this danger, because he had no interest. When the depositions are read, he does not of course incur it.

The law in determining as to the competency of a witness will look only to the time when he was sworn and testified. (Ables v. Miller, 12 Texas, 110.)

The law provides that the disqualification of a witness, by reason of interest, may be removed by a release of the interest.

When the depositions in this case were taken there was no interest existing to be released. Suppose a release to be made now, what effect could it have? Evidently none whatever—the witness having been already examined.

The release must in all cases be made before the witness testifies, and the statute in question does no more than provide that the ordinary rules of evidence and tests of truth shall be applied to a witness when examined under a commission, the same as they are applied in the courts when the witness is personally present.

The commissioner is directed to swear and take the answers of a person named in the commission—as to this he has no discretion. The witness may be disqualified from interest or any other cause, and his answers may be illegal from any cause, it is still the duty of the commissioner to examine him, and write down and return the answers into court; and the statute now under consideration does no more and no less than to empower and require the court trying the cause to rule upon all questions appertaining to the witness and the evidence, according to the status of the witness on the day when he was sworn and examined by the commissioner, and as if he had then been before the court instead of the commissioner.

Even if the letter of the statute did refer the competency of the witness to his status when it is proposed to read his depositions to the jury, rather than the time when they are taken by the commissioner, then the letter of the law would be controlled and overruled by the spirit and reason of the law, and the intention of the legislators, as deduced therefrom.

In Cannon v. Vaughan, 12 Texas, 402, Chief Justice Hemphill, in delivering the opinion of the court, says:

"The intention of the Legislature is to be deduced from the whole, and every part of the statute, when considered and compared together, that the real intention, when ascertained, will prevail over the literal import of the terms; and that the reason and intent of the Legislature will control the strict letter of the law, when the latter would lead to palpable injustice, contradiction and absurdity; that when the words are not explicit, the intention is to be collected from the occasion and necessity of the law, and from the mischiefs, and object and remedy in view; and the intention is to be presumed according to what is consonant to reason and good discretion."

*S. A. Donley*, for the appellee.—After the delivery of the opinion in this cause, this counsel moved for a rehearing and also for a reformation of the judgment, so that the case might be remanded instead of dismissed. But no response to these motions has reached the Reporter.

WALKER, J.—We are of opinion the court erred in excluding the depositions of Lewis S. Lobdell and John L. Lobdell.

These witnesses were the sons of the original defendant to this suit, and their depositions were taken during the life time of their father, John L. Lobdell, and at a time when they had no disqualifying interest in the event of the suit. Their father died before the trial, and the court excluded their testimony on the ground of present interest.

A question of some nicety arises upon this ruling of the court, growing out of our somewhat ambiguous statute. (See Paschal's Digest, Art. 3733.) The statutes of Indiana and Massachusetts are both similar to our own, and the courts of those States have, nevertheless, uniformly held that depositions of witnesses, taken when the witness was competent to give evidence in the case, may be read in evidence on the trial of a cause, though the witness be rendered incompetent at the time of the trial. (See also Greenleaf's Evidence, vol. 1, § 163, and authorities cited in the note 2, margin; Bell v. Miller, 12 Texas; Burleson v. Burleson, 28 Texas.)

This court has repeatedly held that executory contracts, made to be executed by payment in so-called Confederate money, cannot be enforced. And by the ordinance of 1866, a contract in writing which does not upon its face call for Confederate money, may be shown by *aliunde* evidence to have been entered into by the parties with the understanding that the consideration was Confederate money; and if such fact be established, the courts will not enforce the contract at the suit of either party.

It appearing to the satisfaction of the court that the verdict of the jury and the judgment below ought to have been for the defendant, and that there is error in the record, the judgment is reversed and the cause dismissed.

Reversed and dismissed.